**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000199
21-FEB-2025
12:09 PM
Dkt. 129 SO**

NO. CAAP-21-0000199

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GARY MOBLEY, Plaintiff-Appellant, v.
LESLIE S. CHING, Defendant/Cross-Claim Plaintiff/
Cross-Claim Defendant-Appellee, v.
LYANNE M. KIMURA, Defendant/Cross-Claim Defendant/
Cross-Claimant-Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10,
DOE PARTNERSHIPS 1-10, DOE JOINT VENTURES 1-10,
DOE FOREIGN ENTITIES 1-10, DOE LIMITED LIABILITY
ENTITIES 1-10, DOE NON-PROFIT ENTITIES 1-10,
DOE GOVERNMENTAL ENTITIES 1-10, DOE UNINCORPORATED
ENTITIES 1-10, AND OTHER DOE ENTITIES 1-10, Defendants,
and
LYANNE KIMURA, Third-Party Plaintiff/Third-Party
Counterclaim Defendant-Appellee, v.
DENNIS K. ESPANIOLA, Third-Party Defendant/
Third-Party Counter-claim Plaintiff-Appellee,
and
DENNIS K. ESPANIOLA, Third-Party Cross-claim Plaintiff/
Third-Party Cross-claim Defendant-Appellee, v.
LESLIE S. CHING, Cross-claim Defendant/
Cross-claim Plaintiff-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-02674)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting, C.J., and Wadsworth and McCullen, JJ.)

This appeal arises from a settlement between two parties in a personal injury case, Third-Party Defendant/ Third-Party Counter-claim Plaintiff/Third-Party Cross-claim Plaintiff/Third-Party Cross-claim Defendant-Appellee Dennis K. Espaniola (**Espaniola**) and Defendant/Cross-Claim Defendant/

Cross-Claimant/Third-Party Plaintiff/Third-Party Counterclaim Defendant-Appellee Lyanne Kimura, also known as Lyanne M. Kimura (**Kimura**). Plaintiff-Appellant Gary Mobley (**Mobley**) appeals from the March 4, 2021 "Order Granting . . . Espaniola's Petition for Determination of Good Faith Settlement Filed January 7, 2021 and . . . Kimura's Substantive Joinder to . . . Espaniola's Petition for Determination of Good Faith Settlement Filed 01/07/21, Filed January 22, 2021" (**Good-Faith Settlement Order**), entered by the Circuit Court of the First Circuit.[1][2]

On appeal, Mobley contends that the Circuit Court erred in entering: (1) the November 4, 2021 "Order Denying [Mobley's] Rule 60 Motion to Set Aside the March 4, 2021 [Good Faith Settlement Order]" (**Order Denying Set Aside**) because a party to the settlement had died and no substitution of party had been made at the time of the settlement; and (2) the Good Faith Settlement Order because there was collusion between Kimura and Espaniola that resulted in manifest injustice.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Mobley's contentions as follows, and affirm.

## I. Background

On November 13, 2009, Mobley filed a complaint against Defendant/Cross-Claim Plaintiff/Cross-Claim Defendant-Appellee Leslie S. Ching (**Ching**) and Kimura for personal injuries arising out of separate car accidents occurring in 2005 and 2008. The 2005 accident involved Ching and other persons who are not parties to this case. The 2008 accident involved a chain-reaction collision in which Kimura rear-ended Espaniola's vehicle, pushing it into Mobley's vehicle. See Mobley v. Kimura, 146 Hawaiʻi 311, 315, 463 P.3d 968, 973 (2020). Kimura filed a

---

[1] The Honorable John M. Tonaki presided.

[2] As further explained below, following Kimura's death, the Circuit Court approved and entered a Stipulation for Substitution of Defendant Lyanne Kimura with Douglas Moore, Esq., as Special Administrator of the Estate of Lyanne Kimura.

third-party complaint against Espaniola for indemnity and contribution for his involvement in the 2008 accident, and Ching, Kimura, and Espaniola filed crossclaims against each other for indemnity, contribution and/or reimbursement. Mobley filed no claims against Espaniola.

The remaining proceedings relevant to this appeal took place following the Hawaiʻi Supreme Court's decision and remand in Mobley. Id. at 327, 463 P.3d at 984. On January 7, 2021, Espaniola filed a petition for determination of good-faith settlement (**Petition**) to approve a settlement between himself and Kimura for payment of $20,000 by Espaniola to Kimura, and to dismiss all cross-claims and counterclaims against Espaniola. See HRS § 663-15.5(a)-(b) (2016). Kimura filed a joinder to the Petition. Mobley opposed the Petition and joinder, arguing that the settlement was collusive and intended to injure Mobley.[3] On March 4, 2021, the Circuit Court entered the Good Faith Settlement Order, granting the Petition and joinder, dismissing all claims asserted by and against Espaniola and barring "[a]ll further claims and claims for contribution and/or indemnity" against Espaniola "arising out of the subject of this lawsuit . . . ."

On March 24, 2021, Mobley filed a notice of appeal from the Good Faith Settlement Order pursuant to HRS § 663-15.5(e),[4] creating this appeal. The same day, Mobley filed a Hawaiʻi Rules of Civil Procedure (**HCRP**) Rule 60(b) motion to set aside the Good Faith Settlement Order (**Rule 60(b) Motion**), arguing that Kimura had died on May 15, 2017, Kimura's attorney had failed to substitute a party for the decedent, and this failure rendered the Good-Faith Settlement Order a nullity.

Thereafter, this court temporarily remanded the case to the Circuit Court to allow for: (1) an order of substitution of parties, given that Kimura and also Ching had apparently passed away, and there had been no substitution prior to the appeal, and

---

[3] It appears that Ching did not oppose the Petition.

[4] HRS § 663-15.5(e) (2016) provides in relevant part that "[a] party aggrieved by a court determination on the issue of good faith may appeal the determination."

(2) a decision on the Rule 60(b) Motion, if the court was so inclined.  On November 4, 2021, the Circuit Court entered the Order Denying Set Aside, which denied the Rule 60(b) Motion.

On November 26, 2021, this court again temporarily remanded the case to the Circuit Court to enter an order of substitution of parties.  On December 3, 2021, the Circuit Court entered respective stipulated orders substituting special administrators as parties for the estates of Ching and Kimura.  On January 5, 2022, jurisdiction reverted to this court.[5]

## II.  Discussion

We address Mobley's challenge to the Good Faith Settlement Order first, followed by his challenge to the Order Denying Set Aside.[6]

### A.  Good Faith Settlement Order

Mobley contends that the Circuit Court erred in entering the Good Faith Settlement Order because there was "evidence of collusion" between Kimura and Espaniola intended to injure Mobley.  Mobley does not cite any specific evidence of such "collusion" in the record.  Rather, he argues that because Kimura was the driver of the vehicle that caused the collision that injured Mobley, it was manifestly unjust for Kimura (who was not physically injured), rather than Mobley, to receive a $20,000 settlement payment from Espaniola.  Mobley further argues that four of the factors discussed in Troyer v. Adams, 102 Hawaiʻi

---

[5]     Prior to the reversion of jurisdiction, on December 9, 2021, Kimura filed (in the Circuit Court) a motion to vacate the Good-Faith Settlement Order (**Motion to Vacate**) so that a new order could be entered determining that a new settlement between Espaniola and the Kimura Estate was entered in good faith.  Espaniola filed a joinder.  On December 17, 2021, Espaniola filed a new petition for determination that the new settlement was made in good faith (**New Petition**).  It appears that on January 7, 2022, the Circuit Court removed the Motion to Vacate and the New Petition from the court's calendar because jurisdiction had reverted to this court.

[6]     Kimura and Espaniola argue that Mobley was not "aggrieved" by the Circuit Court's determination that the settlement at issue was in good faith and therefore has no standing to appeal under HRS § 663-15.5, quoted supra.  We decline to dismiss Mobley's appeal on this basis in these circumstances.  See Tax Found. of Hawaiʻi v. State, 144 Hawaiʻi 175, 188, 439 P.3d 127, 140 (2019) ("In Hawaiʻi state courts, standing is a prudential consideration regarding the proper — and properly limited — role of courts in a democratic society and is not an issue of subject matter jurisdiction . . . ." (internal quotation marks omitted)).

4

399, 427, 77 P.3d 83, 111 (2003), (**Troyer factors**) required denial of the Petition.

"[T]he question of whether a settlement is 'given in good faith' . . . is a matter left to the discretion of the trial court in light of all of the relevant circumstances extant at the time of settlement[.]" Id. at 402, 77 P.3d at 86. "The trial court's determination [is] reviewed for abuse of discretion." Id. at 427, 77 P.3d at 111. "An abuse of discretion occurs when the [court] 'exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party.'" In re Water Use Permit Applications, 94 Hawaiʻi 97, 183, 9 P.3d 409, 495 (2000) (quoting Bank of Hawaii v. Kunimoto, 91 Hawaiʻi 372, 387, 984 P.2d 1198, 1213 (1999)).

In Troyer, the Hawaiʻi Supreme Court adopted the "totality of the circumstances" approach in determining whether a settlement was given in "good faith" for purposes of HRS § 663-15.5. 102 Hawaiʻi at 425, 77 P.3d at 109. In applying this approach:

> the trial court may consider the following factors to the extent that they are known at the time of settlement: (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose. The foregoing list is not exclusive, and the court may consider any other factor that is relevant to whether a settlement has been given in good faith.

Id. at 427, 77 P.3d at 111.

By their terms, the Troyer factors apply to a settlement between an injured "plaintiff" and one or more alleged "settling tortfeasors," consistent with HRS § 663-15.5(b). Here, Kimura, who filed a third-party complaint against Espaniola for, among other things, equitable indemnity, is the functional equivalent of a "plaintiff" who has settled a claim with an

5

alleged tortfeasor.  Accordingly, the Troyer factors are relevant in determining whether the settlement was given in good faith.

Based on the totality of the circumstances, including the Troyer factors, we cannot say that the Circuit Court abused its discretion in determining that the settlement between Kimura and Espaniola was entered in good faith.  The record indicates that Espaniola paid Kimura $20,000 in exchange for a release of Kimura's claims against him, in order to extricate himself from the case and thereby avoid further litigation and expense.  This was possible in part because Mobley asserted no claims against Espaniola.  Moreover, Mobley points to no evidence that the relationship between Kimura and Espaniola was conducive to collusion or wrongful conduct or that the settlement was motivated by a purpose to harm Mobley.  Mobley's claims against Kimura were not dismissed.  In these circumstances, Mobley's argument that the settlement will result in an improper windfall to Kimura is without merit.

**B.  The Order Denying Set Aside.**

Mobley contends that the Circuit Court erred in denying his Rule 60(b) Motion, because Kimura died in 2017, and no party was substituted in her place before the Good Faith Settlement Order was entered in 2021.  Mobley argues that the order is therefore "a nullity" and that relief under Rule 60(b)(1) and (3)-(6) was warranted.

On June 30, 2020, following the supreme court's remand of this case to the Circuit Court, Kimura's counsel filed a "Suggestion of [Kimura's] Death Upon the Record."  Thereafter, on January 7, 2021, Espaniola filed the Petition, and on February 10, 2021, Mobley filed his opposition.  Mobley made no argument regarding the legal effect of Kimura's death on the Petition.  In these circumstances, we cannot conclude that the Circuit Court abused its discretion or otherwise erred in denying Mobley's Rule 60(b) Motion.[7]  See James B. Nutter & Co. v. Namahoe, 153 Hawaiʻi 149, 161-62, 528 P.3d 222, 234-35 (2023).

---

[7]    We express no opinion as to the merits of the pending Motion to Vacate and New Petition.  See supra note 5.

## III. Conclusion

For the reasons discussed above, we affirm the Circuit court's March 4, 2021 Good-Faith Settlement Order and November 4, 2021 Order Denying Set Aside.

DATED:  Honolulu, Hawaiʻi, February 21, 2025.


On the briefs:

John Y.U. Choi
(Hawaii Accident Law Center)
for Plaintiff-Appellant.

Michael H. Tsuchida
(McCorriston Miller Mukai
MacKinnon LLP)
for Third-Party Defendant/
Third-Party Counter-claim
Plaintiff/Third-Party Cross-
claim Plaintiff/Third-Party
Cross-claim Defendant-Appellee
Dennis K. Espaniola.

Jonathan L. Ortiz and
Erin I. MacDonald
(Ortiz & Associates)
for Defendant/Cross-Claim
Defendant/Cross-Claimant/
Third-Party Plaintiff/Third-
Party Counterclaim Defendant-
Appellee Lyanne Kimura

/s/ Katherine G. Leonard
Acting Chief Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Sonja M.P. McCullen
Associate Judge